IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Debra Montgomery, ) | |
| ) | Civil Action No.  8:05-2864-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Debra Montgomery, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

The plaintiff contends the ALJ erred in finding that her not disabled.  Specifically, she argues the ALJ erred in finding she could make a vocational adjustment which would allow her to perform some work and in failing to consider the side effects of the plaintiff's medications.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 45 years old on the date of the Administrative Law Judge's (ALJ) decision.  The plaintiff has a high school education and two years of college.  Her past work experience includes employment as an administrative secretary.  The plaintiff's alleges a disability onset date of March 15, 2002.

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff protectively filed a claim for SSI on September 26, 2002, and an application for DIB on October 28, 2002. (R. 39-48.) The plaintiff's applications were denied initially and upon reconsideration. (R. 26-31, 34-36.) At the plaintiff's request (R. 37), an administrative hearing was held on December 22, 2004. (R. 173-209.) On April 4, 2005, an ALJ issued an unfavorable decision finding the plaintiff was not disabled. (R. 13-21.) The Appeals Council denied the plaintiff's request to review the ALJ's decision thereby making the ALJ's decision Commissioner's final decision of judicial review.

In making the determination that the plaintiff was not entitled to benefits, the ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's posttraumatic stress disorder is a "severe" impairment, based upon the requirements in the Regulations (20 CFR §§ 404.1520 and 416.920).

4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: no exertional limitations; restricted to routine, repetitive tasks involving simple one-to-two step instructions; in a low stress environment; and with no public contact.

7. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR §§ 404.1563 and 416.963).

9. The claimant has "more than a high school (or high school equivalent) education" and a semi-skilled work background (20 CFR §§ 404.1564 and 416.964).

10. The claimant has no transferable skills from any past relevant work (20 CFR §§ 404.1568 and 416.968).

2

11. Considering the types of work that the claimant is still functionally capable of performing in combination with the claimant's age, education and work experience, she could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy as discussed in this decision.

12. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

13. The claimant has no exertional limitations (20 CFR §§ 404.1545 and 416.945).

(R. 20-21.)

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."  42 U.S.C. §423(a).  "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment.  *See* 20 C.F.R. §404.1520.  If an individual is found not disabled at any step, further inquiry is unnecessary.  *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually

performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the

Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff contends the ALJ erred in finding her not disabled. The ALJ found that the plaintiff's Post Traumatic Stress Disorder ("PTSD"), depression, and anxiety had all responded to medication so that they were only minimally disabling. The plaintiff contends the ALJ erred in failing to take into account her psychological condition which has been diagnosed as "severe" and the side effects of the medications prescribed for that condition.

*Post Traumatic Stress Disorder*

On March 15, 2002, the plaintiff was involved in a motor vehicle accident. (R. 123-24.) The plaintiff alleges the accident caused problems with her memory and concentration which have left her disabled. (R. 192.) The ALJ determined the plaintiff suffers from PTSD, but that this impairment did not precluded work activities. (R. 15.) Specifically, the plaintiff contends the ALJ did not appreciate the nature and severity of her PTSD. The ALJ agreed that the plaintiff suffers from PTSD, but concluded that she could make a vocational adjustment and be able to perform a small number of jobs. The plaintiff contends this conclusion is not supported by the record and contradicted by the medical evidence, vocational evidence, and lay testimony in the record.

Here, there is substantial evidence in the record supporting the ALJ's decision. The ALJ considered the opinion of Dr. Deanna S. McNeil who diagnosed the plaintiff with PTSD and found that her "[a]bility to concentrate was limited to simple tasks." (R. 16, 91.) However, as the ALJ specifically noted, Dr. McNeil did not indicate any other work limitations. (R. 16.) The ALJ also considered a neuropsychological evaluation by L. Randolph, Waid, Ph.D. conducted in April 2004. (R. 16, 156-63.) Dr. Waid diagnosed the plaintiff with PTSD, cognitive disorder, and depressive disorder. (R. 163.) Dr. Waid indicated that the plaintiff had "disruptive symptomology" as a result of her diagnoses and he recommended aggressive psychiatric treatment for the plaintiff. (Id.) He noted that it appeared that the plaintiff had a significant impairment with regard to

5

attention/concentration skills. (R. 162.) However, as noted by the ALJ, Dr. Waid did not indicate any other limitations or an inability to work.

The ALJ also considered the opinion of Edward D. Waller, Ph.D., a nonexamining State agency physician. Dr. Waller determined that the plaintiff was:

> able to understand and remember short and simple instructions and is capable of performing simple tasks for 2+ hours without special supervision. She is capable of maintaining a regular work schedule, but may miss an occasional workday due to depression. Ms. Montgomery would perform better in a work setting that does not require ongoing interaction with the public. She can make simple, work related decisions, request assistance from others, and use available transportation. She can adhere to basic standards of hygiene and safety.

(R. 113.) The ALJ gave Dr. Waller's assessment "substantial weight since it [was] supported by the overall evidence in the record." (R. 18.) *See* 20 C.F.R. §§ 404.1527(f). *see also Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) ("The findings of nontreating, nonexamining physicians can amount to substantial evidence, so long as other evidence in the record supports those findings").

Here, the ALJ also found that the plaintiff's impairment did not meet or equal a listed impairment. (R. 20.) The plaintiff argues that the ALJ erred and that she meets Listing § 12.06, the listing for anxiety related disorders. (Pl.'s Br. at 16.) However, to meet or equal a listed impairment, a claimant must show that her impairment meets all of the specified medical criteria. The ALJ's finding is supported by substantial evidence.

To meet or equal the listed impairment for anxiety related disorders found at § 12.06, the plaintiff must show by medically documented findings that she suffers from at least one of the following:

> 1. Generalized persistent anxiety accompanied by three of the following: motor tension, autonomic hyperactivity, apprehensive expectation or vigilance and scanning;
>
> 2. A persistent irrational fear of a specific object, activity or situation which results in a compelling desire to avoid the dreaded object, activity or situation;
>
> 3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week;

> 4. Recurrent obsessions or compulsions which are a source of marked distress; or
>
> 5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06(A) (2006). The plaintiff also must show that her condition results in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06(B) (2006). If the plaintiff cannot show that his condition resulted in two of the previous problems, she still may qualify for benefits under this section if she can show that her symptoms have resulted in a complete inability to function independently outside the area of his home. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06(C) (2006).

The record contains no evidence from any psychological or psychiatric expert stating that the plaintiff met these criteria. As discussed above, the ALJ considered the medical records from Drs. McNeil, Waid, Negash, and Waller, all which indicated that the plaintiff did not meet or equal this Listing. Significantly, Dr. Waller specifically found that the plaintiff did not meet Listing §12.06 because he found that she did not meet the B and C criteria of the Listing. (R. 107-08.) Therefore, the ALJ's finding that the plaintiff did not meet or equal the Listing 12.06 is supported by substantial evidence.

**Side Effects of Medication**

The ALJ found that the plaintiff's PTSD, depression, and anxiety had responded to medication so that they were only minimally disabling. The ALJ found that the plaintiff reported some effectiveness with Paxil. (R. 18.) *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (if a symptom can be reasonably controlled by medication or treatment, it is not disabling). The plaintiff contends the ALJ erred in failing to consider the side effects

of the plaintiff's medication of fatigue and drowsiness.  The ALJ found the plaintiff had no reported side effects.  (R. 6.)  The ALJ's conclusion is supported by the record.

Dr. Negash's treatment notes between July 2002 and November 2003 revealed that the plaintiff began receiving samples of Paxil.  (R. 152, 154.)  In March 2003, the plaintiff told Dr. McNeil that she had "some improvement" with her symptoms on the Paxil and she did not report any side effects.  (R. 89-91.)  In April 2004, the plaintiff told Dr. Waid, "If I don't have Paxil, I can't drive down Sunset Street." (R. 157.)  Dr. Negash's treatment notes reveal that the plaintiff also did not report any side effects from Paxil to him.  (R. 86,156-163.)  Similarly, the plaintiff did not report any side effects to Drs. McNeil and Waid.  Finally, the plaintiff herself specifically testified at the hearing before the ALJ that she did not have any side effects from Paxil.  (R. 193.)  The ALJ found that the plaintiff took Paxil with no reported side effects (R. 18) and this conclusion is supported by the record.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 31, 2007
Greenville, South Carolina